UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY D. STEIN and BARRY D. STEIN, MD, LLC,<br>Plaintiffs,<br>v.<br><br>MELISSA J. NEEDLE, ESQUIRE, et al.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 3:19-CV-01634-VLB<br><br>July 17, 2020 |

## MEMORANDUM OF DECISION ON MOTION TO AMEND [DKT. 52].

This case arises out of an incident in which Defendants allegedly accessed without authorization plaintiff Barry Stein's computer and stole personal health information of approximately 800 patients of Barry Stein's employer, Fairfield Anesthesia Associates, LLC. Before the Court is Plaintiffs' motion to amend. [Dkt. 52]. Plaintiffs seek to amend the complaint in three ways: to join a new Plaintiff, the Fairfield Anesthesia Associates, LLC ("FAA"); to more specifically articulate the damages Plaintiffs sustained due to Defendants' conduct; and to add two additional causes of action, Negligence and Negligent Supervision. *Id.* Defendants oppose on the grounds of timeliness and prejudice. [Dkt. 59]. Plaintiffs reply. [Dkt. 64]. After considering the briefing, the Court grants Plaintiffs' motion.

I. **Procedural Background**

On October 16, 2019, Plaintiffs filed this action seeking money damages and injunctive relief against Defendants. [Dkt. 1 (Compl.)]. On January 13, 2020, Defendants moved to dismiss the Complaint. [Dkts. 41 & 43]. Plaintiffs moved for and were granted a twenty-one day extension of their deadline to respond to the Motions to Dismiss, to February 24, 2020. [Dkts. 45, 46, 47 & 48]. Per the operative

Rule 26(f) report, Plaintiffs' deadline to file motions to join additional parties or amend the pleadings was February 21, 2020, and motions filed after that date would require a showing of good cause for delay. [Dkt. 32 at 6]. Plaintiffs' Motion to Amend and Opposition to the Motions to Dismiss were filed February 24, 2020. [Dkt. 54].

II. <u>Legal Standard</u>

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend, though liberally granted, may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citation omitted). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms

of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983) (citing *Advocat v. Nexus Indus., Inc.,* 497 F.Supp. 328, 331 (D.Del.1980)).

"[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause" per Federal Rule of Civil Procedure 16(b). *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (affirming denial of motion to amend where plaintiff had information sufficient to bring claim before discovery and filed motion to amend with motion for summary judgment). Per Rule 16(b), a court's scheduling order, which "must limit the time to join other parties [and] amend the pleadings," "may only be modified for good cause." Fed. R. Civ. P. 16(b). This "requirement ensur[es] [that] 'at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)); D. Conn. L. Rule 7(b).

### III. Analysis

Here, Defendants oppose Plaintiffs' motion to amend on the basis of timeliness and undue prejudice; they do not oppose on the basis of futility, but instead reserve the right to move to dismiss Plaintiffs' Amended Complaint. The Court addresses each argument.

#### A. Timeliness

Because Plaintiffs filed their motion to amend and join three days after the deadline set in the operative Rule 26(f) report, the Court must first determine

whether good cause exists to excuse their delay. "A finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340, *cited by DiGennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012) (Summary Order) (affirming denial of motion to amend). "Diligence" has been interpreted by courts as meaning that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Rent-A–Center Inc. v. 47 Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y.2003). Here, Plaintiffs did not argue for the existence of good cause until their reply. [Dkt. 52].

The Court finds that good cause exists for the delay based on the pending motion to dismiss. [Dkt. 43]. The Second Circuit has noted "when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint... Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course."   *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-253 (2d Cir. 1991) (reversing denial of leave to amend). Here, Plaintiffs' proposed amendments respond to Defendants' motion to dismiss, Plaintiffs could not have anticipated the specific objections Defendants intended to raise in their motions to dismiss, and Plaintiffs moved for and received an extension to respond to Defendants' motion. *See* [Dkt. 64 at 6]. The Court finds that Plaintiffs have therefore demonstrated diligence sufficient to establish good cause.

In addition, in both cases Defendants cite, untimeliness was sufficient to deny a motion to amend where the Plaintiffs filed the motion to amend over four months after the deadline had passed; in contrast, in this case, Plaintiffs filed their

motion to amend and join just one business day late, on Monday, when it had been due on Friday. *See Skipp v. Connecticut Judicial Branch*, 2015 WL 1401989, at *8 (D. Conn., Mar. 26, 2015) (denying second motion to amend, which had been filed 11 months after court deadline); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150-51 (S.D.N.Y., May 5 2003) (denying motion to amend filed four months after court deadline and also after dispositive motion deadline). A three-day delay is not sufficient to show lack of diligence, given the other circumstances of this case.

### B. *Prejudice*

Second, separate from the timeliness issue, Defendants argue that the amendment would prejudice them by requiring them to re-draft and re-file a motion to dismiss which they have already expended considerable time and effort to re-brief. [Dkt. 59 at 5-6]. The Federal Rules of Civil Procedure allow a plaintiff to amend its complaint "as a matter of course" within 21 days after a motion to dismiss is filed. Fed R. Civ. P. 15(a)(1). As noted, in the Second Circuit, "when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Oliver Schools, Inc.*, 930 F.2d at 252-53 (reversing denial of leave to amend); *see Manning v. Utilities Mut. Ins. Co.*, 254 F.3d 387, 402 (2d Cir. 2001) ("The interests of justice noted by Rule 15(a) strongly favor allowing plaintiff an opportunity to replead his complaint to attempt to specifically and sufficiently allege a claim against defendants."). Both the Federal Rules and Second Circuit precedent consider amendment a proper response to a motion to dismiss, and neither contemplate that re-briefing the motion to dismiss would be prejudicial. Therefore,

the Court finds that Plaintiffs' motion to amend should not be denied on the grounds of prejudice.

C. *Joinder*

Finally, the Plaintiffs' motion to amend is also a motion to join an additional Plaintiff, Fairfield Anesthesiology Associates. "To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 21). But, 'the same standard of liberality' applies under either Rule." *Ibid.* (quoting *FTD Corp. v. Banker's Trust Co.,* 954 F.Supp. 106, 109 (S.D.N.Y.1997) and collecting cases).

"Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20." *United States v. Commercial Bank of N. Am.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962). Under Rule 20:

> **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:
>
>> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20. "'A person whose rights have been infringed need not join as plaintiffs others whose rights have been 'infringed' by the same conduct,' though he may if he so chooses." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980) (quoting  3A Moore's s 19.07(1), at 19-112 n.18.), *overruled on other grounds*

by *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see In re Amla Litig.*, No. 16-CV-6593 (JSR), 2017 WL 3896378, at *3 (S.D.N.Y. Aug. 22, 2017) (granting plaintiffs' motion to join additional named plaintiff and class representative); *LCE Lux HoldCo S.a.r.l. v. Entretenimiento GM de Mexico S.A. de C.V.*, 287 F.R.D. 230, 236 (S.D.N.Y. 2012); *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 423 (E.D.N.Y. 1972) (denying plaintiffs' motion to join NAACP as a plaintiff under Rule 20 because joinder was not necessary for adequate representation, motion for joinder was filed over a year after action filed, and "joinder of the NAACP can only serve to complicate and further delay this lawsuit"); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of plaintiffs"); *Gropp v. United Airlines, Inc.*, 847 F. Supp. 941, 943 (M.D. Fla. 1994) (granting Plaintiffs leave to amend to join new Plaintiffs); 4 Moore's Federal Practice - Civil § 20.02 (2020) ("The permissive party joinder rule… permits the plaintiff to join multiple parties on either the plaintiff's or the defendant's side."); James W. Moore & Edward H. Levi, *Federal Intervention I: The Right to Intervene and Reorganization*, 45 Yale L. J. 565 (1936) (at common law, distinction between joinder and intervention was that joinder was by party to action while intervention was by non-party). "Joinder of appropriate parties is encouraged so that common issues may be addressed in a single action." *Roe v. City of New York*, 151 F. Supp. 2d 495, 509 (S.D.N.Y. 2001) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).

Here, Plaintiffs represent that the FAA wishes to join the action as plaintiff, [Dkt. 52 at 3-4]; [Dkt. 64-1 ¶8]. FAA has also itself signaled its willingness to join, as it has filed a joint discovery stipulation in which it references the motion to join and does not oppose it. [Dkt. 70]. FAA's right to relief arises out of the same occurrence, the alleged accessing and copying of Barry Stein's computer. The questions of fact around this occurrence are common to both the original Plaintiffs and the FAA. Therefore, the Court finds that joinder is proper under Rules 20, 21, and 15.

IV.     **Conclusion**

For the above reasons, the Court grants Plaintiffs' motion to amend. The Clerk is directed to docket Plaintiffs' proposed amended complaint as the Amended Complaint.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 17, 2020