UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARRY D. STEIN, BARRY D. STEIN, MD, LLC and FAIRFIELD ANESTHESIA ASSOCIATES, LLC | CIVIL ACTION<br>CASE NO.: 3:19-CV-01634-VLB |
| Plaintiffs, | |
| v. | |
| MELISSA J. NEEDLE, ESQUIRE, NEEDLE CUDA FIRM, THE LAW OFFICE OF MELISSA NEEDLE, LLC, JESSICA CALISE and JENNIFER STEIN, | FEBRUARY 24, 2020 |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

Plaintiffs Barry D. Stein, Barry D. Stein, MD, LLC and Fairfield Anesthesia Associates, LLC, by and through undersigned counsel, brings this Amended Complaint against Defendants Melissa J. Needle, Esquire ("Needle"), the Law Office of Melissa Needle, LLC ("Needle LLC"), the Needle Cuda law firm (the "Needle Cuda Firm"), Needle Cuda paralegal Jessica Calise ("Calise") and Jennifer Stein (collectively, the "Defendants") for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") and Connecticut's Computer Crime Law Conn. Gen Stats. § 53-452, for negligence and for negligent supervision. In support thereof, Plaintiffs respectfully assert as follows:

**INTRODUCTION**

1. This is an action for damages and other relief arising out of Defendants' actionable conduct in improperly accessing Plaintiffs' computer and unlawfully copying private patient information. More specifically, Defendants engaged in the unauthorized access and copying of an estimated nine (9) gigabytes of information stored in Plaintiffs' password-protected computer, including personal health information ("PHI") of approximately 800 patients protected from unauthorized disclosure by the Health Insurance Portability and Protection Act of 1996 ("HIPAA").

2. Plaintiff Barry D. Stein and Plaintiff Barry D. Stein, MD, LLC, (the "Stein LLC") have suffered and will continue to suffer both monetary damages and irreparable harm due to Defendants' acts alleged herein unless enjoined by the Court.

## PARTIES

3. **Plaintiff Barry D. Stein, M.D., ("Dr. Stein")** is a citizen of the state of Connecticut, with an address at 6 Cunningham Place, Westport, Connecticut 06830.

1. **Plaintiff Barry D. Stein, MD, LLC** is a Connecticut limited liability company with offices at 6 Cunningham Place, Westport, Connecticut 06830. Dr. Stein is the Stein LLC's sole member.

2. **Plaintiff Fairfield Anesthesia Associates, LLC ("FAA")** is a Connecticut limited liability company with offices at 112 Quarry Road, Trumbull, Connecticut 06611,

4846-1571-0645, v. 1

3. **Defendant Melissa J. Needle ("Needle") is a citizen of the state of Connecticut, maintains a law practice in this district and, upon information and belief, has an address at 6 Christmas Lake Lane, Westport, Connecticut, 06880.**[1]

4. **Upon information and belief, Defendant Needle Cuda Firm is a Connecticut law practice partnership with an office at 830 Post Road East, Suite 101, Westport, Connecticut 06880.**[2]

5. **Defendant Law Offices of Melissa Needle, LLC (hereafter "Needle LLC") is a Connecticut Limited Liability Company registered with the Connecticut Department of State as the "Law Office of Melissa Needle, LLC", and having an office at 830 Post Road East, Suite 101, Westport, Connecticut, 06880.**[3] **Defendant Melissa J. Needle is listed as a member of the Needle Law Firm.**

6. **Upon information and belief, Needle LLC also operates and does business as Defendant Needle Cuda Firm.**

7. **Upon information and belief, Defendant Jessica Calise ("Calise") is a paralegal employed at either the Needle Cuda Firm or Needle LLC and is a citizen of the state of Connecticut.**

8. **Defendant Jennifer Stein ("Mrs. Stein") is a citizen of the state of Connecticut with an address at 12 Terhune Drive, Westport, Connecticut.**

## JURISDICTION AND VENUE

---

[1] http://searchctbusiness.ctdata.org/business/1010795

[2] https://www.martindale.com/organization/needle-cuda-300006193

[3] http://searchctbusiness.ctdata.org/business/1010795

3

9. **This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1030** *et seq.*, **and supplemental jurisdiction extends to the state law claims pursuant to 28 U.S.C. § 1367.**

10. **This Court has personal jurisdiction over each of the individual Defendants as each is a citizen of Connecticut and as a consequence of their individual tortious and purposeful activities directed at Plaintiffs in Connecticut.**

11. **Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside in this judicial district, and because all of the events or omissions giving rise to the claims herein occurred in this district.**

## FACTS

12. **Between approximately November 2000 and February 2019, Dr. Stein, through the Stein LLC, provided anesthesiology services to his patients while an owner and managing member of FAA.**

13. **At all relevant times, Dr. Stein, as a physician licensed to practice medicine and surgery in the State of Connecticut, had an individual duty to retain and furnish, upon an appropriate request, his patient's medical records.  See Conn. Gen. Stat. §§ 20-7c and 20-7d; Conn. Agencies Regs. § 19a-14-42.**

14. **At all relevant times, the Health Insurance Portability and Accountability Act ("HIPAA"), Pub L. 104-191, 110 Stat. 1936 (1996), and its implementing regulations, as later amended by the Health Information Technology for Economic and Clinical Health ("HITECH") Act, Pub. L. 111-5, 123 Stat. 228 (2009), mandate that Dr. Stein, the Stein LLC, and FAA: (a) maintain the security and privacy of their patients' protected health information ("protected health**

4

information" or "PHI"),  see, e.g., 45 C.F.R. §§ 164.500-164.534; and also (b) follow substantial and costly requirements in the event of a breach of their patients' PHI, see, e.g., 45 C.F.R. §§ 164.400-414.

15. **To facilitate its physicians' record-keeping practices, FAA requires its physicians to utilize an electronic medical record ("EMR") keeping system (the "FAA EMR System") through which patient data is securely stored on Microsoft's OneDrive servers (the "FAA Patient PHI").**

16. **While treating his patients at FAA, Dr. Stein utilized the FAA EMR System to maintain his patients' medical records, containing his patients' PHI, electronically (the "Stein Patient Data") (the Stein Patient Data, along with other FAA patient PHI stored on the FAA EMR System, are referred to collectively as the "FAA Patient PHI").**

17. **Between approximately 2015 and November 2018, the Stein LLC owned and maintained a computer on behalf of Plaintiff FAA, used in interstate commerce, at the marital home he shared with Mrs. Stein (the "Protected Computer").**

18. **The Protected Computer was separated into two distinct password-protected accounts: one for Dr. Stein (the "Protected Area") and the second for Mrs. Stein.**

19. **At no point in time did Plaintiffs Dr. Stein, the Stein LLC, or FAA ever provide Mrs. Stein with the password to access the Protected Area or otherwise authorize Mrs. Stein or anyone else to access the Protected Area.**

4846-1571-0645, v. 1

20. **While affiliated with FAA, Dr. Stein used the Protected Area of the Protected Computer in the regular course of his provision of providing anesthesiology services to his patients in order to,** *inter alia*, **ensure compliance with HIPAA and other applicable laws.**

21. **The Protected Area of the Protected Computer contained,** *inter alia*, **Dr. Stein's and Stein LLC's link to the FAA computer network and FAA Patient PHI, including the Stein Patient Data, through Microsoft OneDrive ("FAA OneDrive Link"); OneDrive is a secure cloud storage service provided by Microsoft Corporation.**

22. **At all relevant times, the FAA One Drive Link was accessible only on the Protected Area of the Protected Computer.**

23. **At all relevant times, in order to access FAA Patient PHI or the Stein Patient Data from the Protected Computer, the FAA OneDrive Link needed to be clicked, which would then permit remote cloud-based access to the entire FAA computer network and the FAA files, including the Stein Patient Data.  Such access permitted the alternation, modification or deletion of FAA Patient PHI.**

24. **At no time was any FAA OneDrive data, including the Stein Patient Date, and the FAA Patient PHI, ever stored locally on the Protected Computer.**

25. **During July 2019, Dr. Stein and the Stein LLC learned that, in or about April 2018, and without Dr. Stein's or the Stein LLC's knowledge, consent or authorization, Mrs. Stein, represented by Needle, Needle, LLC and Needle Cuda (collectively, the "Needle Defendants') in a divorce action against Dr. Stein, directed the Needle Defendants, acting through defendant Calise, to click on the**

6

FAA OneDrive Link and copy an estimated nine (9) gigabytes of FAA business data, including the Stein Patient Data, from the Protected Computer onto an external storage device.

26. **Mrs. Stein brought the external storage device (and upon information and belief, a memory stick or disk) on which the Stein Patient Data had been downloaded and copied to the offices of Defendants Needle LLC and the Needle Cuda Firm where that information was again copied to and stored in the computer system and network maintained by the Needle Cuda Firm and/or Needle LLC.**

27. **At no time pertinent hereto did Plaintiffs authorize Defendants to access any of the Stein Patient Data or the FAA Patient PHI through the Protected Computer.**

28. **A substantial portion of the data copied from Dr. Stein's computer consisted of Stein Patient Data and FAA Patient PHI.**

29. **Upon information and belief, the Stein Patient Data and FAA Patient PHI that Defendants copied to the external storage device was not encrypted either when it was copied by Defendant Calise to the external storage device or when it was copied to and stored in the Needle LLC and/or the Needle Cuda Firm computer network.**

30. **Upon information and belief, the unencrypted Stein Patient Data and FAA Patient Data was again copied and/or downloaded from the external storage device to an unsecured and unencrypted Dropbox folder that Defendants maintained. The link to that unsecured and unencrypted Dropbox folder was**

emailed on April 4, 2019 by Defendants Needle and the Needle Cuda Firm to Dr. Stein's counsel in the divorce action.

31. **Upon learning about Defendants' actions as alleged herein during July 2019, (*i.e.*, the unauthorized and unconsented access to, copying, storage, dissemination and loss of the Stein Patient Data and FAA Patient Data by accessing the FAA OneDrive Link on Dr. Stein's Protected Computer), Plaintiffs commenced an investigation into the Defendants' intrusion for the purpose of identifying evidence of the same, conducting a damage assessment of the Protected Computer, FAA Patient PHI, and/or the Stein Patient Data, and to determine whether any remedial measures were required.**

32. **Specifically, Plaintiffs retained the services of the Sylint Group, Inc., a cyber-forensic and cybersecurity firm, to investigate the nature and extent of any damage to the Protected Computer, FAA Patient PHI, and/or the Stein Patient Data attributable to the acts of Defendants in accessing and using the Protected Computer to copy and download approximately 9 gigabytes of information from Plaintiffs, including whether any information was deleted, modified or otherwise overwritten, and further including whether the insertion by Defendants of an unauthorized and external storage device into that computer resulted in an infection with malware such as viruses, trojans and ransomware. The cost of that investigation exceeded the sum of $5,000.**

33. **Plaintiffs' counsel also became concerned that Defendants' conduct amounted to a security incident, implicating potential HIPAA violations, causing Plaintiffs to sustain additional monetary damages to remedy the same, and**

**potentially triggering various breach notification requirements under HIPAA and other applicable law.**

34. **In a letter dated August 1, 2019, Defendant Needle stated that "the information that was downloaded from the family computer was transferred by [Defendant Calise] into [Defendant Jennifer Stein's] file on [Defendant Needle LLC and/or Needle Cuda Firm's] office computer system. There are no hard copies of the information to return to you <u>nor is the information contained on any hard drive, thumb drive or memory stick</u>." [Emphasis supplied]. That letter also states, in pertinent part, that "[t]he information has remained on my office system."**

35. **Moreover, although Defendant Jennifer Stein has stated that Defendant Calise had used an external storage device to download the FAA Patient PHI and Stein Patient Data from the Protected Computer, that external storage device has not been returned to Dr. Stein and Defendants Needle, Needle LLC and the Needle Cuda law firm have denied the existence of that external storage device.**

36. **The current whereabouts of the external storage device containing the Stein Patient Data are unknown and presents a significant and continuing potential for further unauthorized and unconsented to disclosure.**

37. **Upon information and belief, and as of the date of the submission of this proposed pleading, a copy or copies of the unsecured and unencrypted Stein Patient Data and FAA Patient PHI remains stored at and in the custody and control of Defendants and represents a significant and continuing threat from internal or external cyberattack, including alteration, deletion or modification.**

4846-1571-0645, v. 1

38. **Defendants' unlawful actions as alleged herein have caused irreparable harm and will continue to cause irreparable harm if not preliminarily and permanently restrained by this Court.**

39. **Defendants' actions have caused the PHI of approximately 800 FAA patients, including Dr. Stein's patients, to be accessed, disclosed, copied, and disseminated without authorization. It is undisputed that unauthorized copies of FAA Patient PHI, including Stein Patient Data, were made by Defendants to an external storage device, to an unsecure and unencrypted Dropbox folder, and to Defendants Needle Cuda Firm and Needle LLC's computer network. Defendants remain in possession of a copy or copies of the FAA Patient PHI and Stein Patient Data as of the date of the filing of the instant complaint and have refused to remove the FAA Patient PHI and Stein Patient Data from wherever it has been stored by Defendants.**

40. **The risk of FAA Patient PHI and Stein Patient Data exposure continues, even in the face of a violation of a state court injunction, so long as Defendants fail to destroy every copy in their custody or possession.**

41. **Defendants' blatant denial of even the existence of the external storage device used by Defendant Calise to download and copy FAA Patient PHI and Stein Patient Data from the Protected Computer without authorization or consent raises the question of what happened to that device, and whether it has been lost, further compounding the risks articulated herein.**

42. **Defendants' action as alleged herein has also resulted in the potential loss or misplacing of that external storage device containing the FAA Patient PHI,**

10

including the Stein Patient Data, as Defendant Needle now claims that no such device exists. The risk of exposure is heightened because there is now an unaccounted for repository of unencrypted FAA Patient PHI, including the Stein Patient Data.

43. The unauthorized disclosure of FAA Patient PHI and Stein Patient Data is generally considered to be a security incident pursuant to HIPAA and the HITECH Act, and Defendants' unauthorized access to and their copying, dissemination and potential loss of that FAA Patient PHI will likely be a reportable event to both the U.S. Department of Health and Human Services as well as to the Connecticut State Attorney General, and engender investigation by one or both entities.

44. Under HIPAA and its implementing regulations, disclosure of PHI without patient consent is only permitted in certain limited circumstances, see 45 C.F.R. §164.512, none of which are applicable here.

45. Defendants' continuing refusal to destroy any and all of the FAA Patient PHI in their custody, control and possession poses a heightened and continuing risk of exposure of FAA patient information as well as potential liability for Plaintiffs.

## COUNT ONE

**Violation of the Computer Fraud and Abuse Act
18 U.S.C. § 1030 et seq. (as to all Defendants)**

46. Plaintiffs repeat and reallege the factual allegations set forth in the preceding Paragraphs as if fully set forth herein.

47. **The Computer Fraud and Abuse Act ("CFAA"), in pertinent part, exposes to civil liability "[w]ho[m]ever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(C).**

48. **Defendants intentionally accessed the Protected Computer without authorization and/or exceeded their authorization with respect to accessing portions of the Protected Computer.**

49. **Specifically, the CFAA provides that "[a]ny person who suffers damage *or* loss by reason of a violation of [the CFAA] may maintain a civil action against the violator to obtain compensatory damages and injunctive or other equitable relief." 18 U.S.C. § 1030(g) (emphasis added).**

50. **The Protected Computer was at all times pertinent hereto a protected computer used in interstate commerce within the meaning of 18 U.S.C. § 1030(e)(2)(B).**

51. **By directing, as alleged above, the Needle Defendants to access the Protected Part of the Protected Computer without Dr. Stein's or FAA's prior consent for the purpose of obtaining information from the same, defendant, Mrs. Stein, intentionally aided and abetted a violation of 18 U.S.C. § 1030(a)(2)(C).**

52. **By clicking, as alleged above, on the FAA OneDrive Link in the Protected Part of the Protected Computer without Dr. Stein's or FAA's consent, and thereby obtaining the FAA Patient PHI, including the Stein Patient Data, defendant Calise intentionally accessed the Protected Computer without authorization in violation of 18 U.S.C. § 1030(a)(2)(C).**

4846-1571-0645, v. 1

53. **By directing, as alleged above, defendant Calise to unlawfully access and obtain information from the Protected Computer, the remainder of Needle Defendants, as defendant Calise's employers, are vicariously liable for Calise's conduct.**

54. **The CFAA violations alleged herein impaired the integrity of the Protected Computer, the FAA Patient PHI, and/or the Stein Patient Data.**

55. **The CFAA violations by Defendants as alleged herein caused the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of Dr. Stein's and FAA's patients whose PHI was comprised by Defendants' conduct.**

56. **The CFAA violations alleged herein have the potential to modify or impair Dr. Stein's and FAA's patients whose PHI was comprised by Defendants' conduct as the breach of their private information may have a chilling effect on, or otherwise dissuade, the affected patients from seeking medical care and trusting medical providers to maintain the security, privacy and integrity of their PHI.**

57. **Defendants' acts, as alleged herein, caused losses to Plaintiffs in excess of $5,000, representing costs and fees incurred in investigating the facts and circumstances in order to ascertain and determine the nature, scope and extent of any damage to Dr. Stein's home computer and to the One Drive FAA Patient PHI and/or Stein Patient Data attributable to the acts of Defendants in accessing and using that computer to copy and download approximately 9 gigabytes of information from FAA, including whether any such information was deleted, modified or otherwise overwritten, and further including whether the**

4846-1571-0645, v. 1

insertion by Defendants of an unauthorized and external storage device into that computer resulted in infection with malware such as viruses, trojans and ransomware.

58. Defendants' unlawful conduct has caused Plaintiffs to sustain damages in various ways including, but not limited to, paying in excess of $5,000 to their cyber-forensic and cybersecurity firm to conduct an investigation of the subject computer for damage following such unlawful action and the losses sustained by Plaintiffs due to them having to expend attorneys' fees and costs in seeking to protect the FAA Patient PHI and Stein Patient Data from further unauthorized disclosure, and may suffer additional damages in the future to comply with HIPAA's breach notification requirements.

59. Defendants' acts as alleged herein were willful, wanton, malicious and in reckless disregard of Plaintiffs' rights.

60. Defendants' acts as alleged herein constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

61. As a result of Defendants' violations of the Computer Fraud and Abuse Act, Plaintiffs have been harmed, and will continue to be severely and irreparably harm.

## COUNT TWO

### Violation of Connecticut Statutes CT-ST § 53-451; 53-452 (as to all Defendants)

62. Plaintiffs repeat and reallege the factual allegations set forth in the preceding Paragraphs as if fully set forth herein.

4846-1571-0645, v. 1

63. **Defendants accessed Dr. Stein's computer without authority and with intent to make or cause to be made an unauthorized copy of computer data residing in, communicated by, or produced by a computer or computer network.**

64. **Defendants' acts as alleged herein caused monetary loss to Plaintiffs.**

65. **Defendants' acts as alleged herein constitutes a violation of Conn. Gen. Stat. 53-451, entitling Plaintiffs to the injunctive and monetary relief as permitted by Conn. Gen. Stat 53-452.**

66. **As a result of Defendants' acts as alleged herein in violation of Conn. Gen. Stat. 53-451, Plaintiffs have been harmed and will continue to cause severe and irreparable harm.**

## COUNT THREE

### Negligence (as to all Defendants)

67. **Plaintiffs repeat and reallege the factual allegations set forth in the preceding Paragraphs as if fully set forth herein.**

68. **Defendants owed a duty of care to Plaintiffs not to access or use the Stein home computer or the FAA One Drive without Plaintiffs' authorization, and had a duty not to access, download, copy and disseminate the Stein LLC's FAA patient PHI and Stein Patient Data from that computer.**

69. **Defendants breached their aforementioned duty in that they accessed and used the Stein home computer or the FAA One Drive without Plaintiffs' authorization to access download and copy and disseminate FAA patient PHI and the Stein Patient Data from that computer.**

70. **Plaintiffs suffered actual damages and other loss as a result of Defendants' negligence as alleged herein.**

71. **Defendants acts as alleged herein were the actual and proximate cause of Plaintiffs' damages and loss.**

72. **As a result of Defendants' negligence acts as alleged herein Plaintiffs have been harmed and will continue to be severely and irreparably harm.**

## COUNT FOUR

### Negligent Supervision
### (as to Defendants Melissa J. Needle, Esquire, Needle Cuda Firm, the Law Office of Melissa Needle, LLC)

73. **Plaintiffs repeat and reallege the factual allegations set forth in the preceding Paragraphs as if fully set forth herein.**

74. **Defendants Melissa J. Needle, Esquire, Needle Cuda Firm, and the Law Office of Melissa Needle, LLC had a duty to supervise their employee, Defendant Jessica Calise, to ensure that Calise did nothing to violate the rights of third parties such as Plaintiffs herein.**

75. **Defendants Melissa J. Needle, Esquire, Needle Cuda Firm, and the Law Office of Melissa Needle, LLC breached their duty by failing to supervise their employee Jessica Calise and permitting and allowing Calise to access or use the Stein home computer or the FAA One Drive without Plaintiffs' authorization.**

76. **Plaintiffs suffered actual damages and other loss as a result of Defendants' acts as alleged herein.**

77. **Defendants acts as alleged herein were the actual and proximate cause of Plaintiffs' damages and loss.**

78. **As a result of Defendants' negligent acts as alleged herein Plaintiffs have been harmed and will continue to be severely and irreparably harm.**

## PRAYER FOR RELIEF

4846-1571-0645, v. 1

**WHEREFORE**, Plaintiff requests judgment and an Order of this Court as follows:

**(A) Injunctive Relief, Including an Order:**

   i. **Enjoining Defendants from using, disclosing, or further disseminating the FAA Patient PHI and Stein Patient Data in any manner or in any form;**

   ii. **Directing Defendants to permit, at Defendants' expense, an independent forensic examination of all of their electronically stored information repositories to determine the existence and location of any copy of the FAA Patient PHI and Stein Patient Data in Defendants' custody control or possession, and disclose the results of that examination to Plaintiffs and to the Court;**

   iii. **Directing Defendants to irrevocably destroy all copies of the FAA Patient PHI and Stein Patient Data located by the forensic examination;**

   iv. **Directing Defendants to identify all parties with whom the FAA Patient PHI and Stein Patient Data was share or disseminated; and**

   v. **Directing Defendants to disclose the whereabouts of the external hard drive, USB stick, or other external storage device used by Defendant Jessica Calise to download FAA Patient PHI and Stein Patient Data from Dr. Stein's computer and either**

17

return that external hard drive to Plaintiffs or disclose to Plaintiffs and the Court the fate or disposition of that device.

(B) The following, other relief, including an Order awarding:

    i. Compensatory damages;

    ii. Punitive Damages;

    iii. Costs;

    iv. Reasonable attorneys' fees and costs as permitted by statute; and

    v. Such other and further relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues to triable.

Respectfully Submitted,

By /s/ ct14885
Gerald T. Giaimo of
HALLORAN & SAGE LLP
265 Church Street
New Haven, CT 06510
Fed. Bar #ct14885
Phone:   203 672-5429
Fax:   203 672-5480
giaimo@halloransage.com
Their Attorneys

4846-1571-0645, v. 1