## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARRY D. STEIN, BARRY D. STEIN MD, LLC, and FAIRFIELD ANESTHESIA ASSOCIATES, LLC | : : : : : | No. 3:19-cv-1634-VLB |
| Plaintiffs, | : : | DECEMBER 10, 2021 |
| v. | : : | |
| MELISSA J. NEEDLE, ESQUIRE, NEEDLE CUBA FIRM, the LAW OFFICE OF MELISSA NEEDLE, LLC, JESSICA CALISE, and JENNIFER STEIN | : : : : : : | |
| Defendants. | | |

## <u>MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>

**Before the Court** is Plaintiffs' Motion for Leave to File a Second Amended Complaint.  [Mot., Dkt. 132].  Plaintiffs seek to amend their First Amended Complaint; [Am. Compl., Dkt. 73]; to plead two additional state law claims under Connecticut General Statutes §§ 53a-251 and 52-570(b).  [Mot.].  Plaintiffs argue that the Court should grant their motion because good cause supports their request, amending the complaint will not cause undue delay of this case, it will not cause any prejudice to Defendants, and it will not be futile.  [*Id.*].  Defendants' oppose, arguing that Plaintiffs' motion is profoundly untimely, lacks good cause, and would impose undue prejudice upon Defendants.  [Opp., Dkt. 135].

For the following reasons, the Court DENIES Plaintiff's motion.

1

I.      BACKGROUND

This action was brought by Plaintiffs—Dr. Barry D. Stein, Barry D. Stein, MD, LLC, and Fairfield Anesthesia Associates LLC (collectively "Plaintiffs")— against Defendants—Melissa J. Needle, Needle Cuba Law Firm, Law Offices of Melissa Needle, LLC, Jessica Calise and Jennifer Stein (collectively "Defendants"— alleging violations of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030, violations of Connecticut's Computer Crime Law under Conn. Gen. Stat. §§ 53-451 and 53-452, negligence and negligent supervision. [Am. Compl.].

The original complaint was brought on October 16, 2019. [Compl., Dkt. 1]. On December 26, 2019, the parties filed a joint Rule 26(f) Report, in which they agreed that Plaintiffs should be allowed until February 21, 2020 to file motions to amend the pleadings. [Rule 26(f), Dkt. 32]. Then on February 24, 2020, Plaintiffs' filed a motion to amend their complaint; [First Mot. to Amend; Dkt. 52]; which the Court granted. [Order; Dkt. 72].

Of particular importance for the purposes of this decision is Count Two of the Amended Complaint, which raises alleged violations of Connecticut General Statutes §§ 53-451 and 53-452. Under this Count, Plaintiffs allege that:

> Defendants accessed Dr. Stein's computer without authority and with intent to make or cause to be made an unauthorized copy of computer data residing in, communicated by, or product by a computer or computer network. Defendants' acts as alleged herein cause monetary loss to Plaintiffs. Defendants' acts as alleged herein constitutes a violation of Conn. Gen. Stat. 53-451, entitling Plaintiffs to injunctive and monetary relief as permitted by Conn. Gen. Stat. 53-452. As a result of Defendants' acts as alleged herein in violation of Conn. Gen. Stat. 53-451, Plaintiffs have been harmed and will continue to cause severe and irreparable harm.

[Am. Compl. at ¶¶ 62–66].

2

Section 53-451, in relevant part, states:

(b) It shall be unlawful for any person to use a computer or computer network without authority and with the intent to: . . . (6) Make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by or produced by a computer or computer network . . . .

Section 53-452, in relevant part states:

(A) Any person whose property or person is injured by reason of a violation of any prevision of section 53-451 may bring a civil action in the Superior Court to enjoin further violations and to recover the actual damages sustained by reason of such violation and the costs of the civil action.

Plaintiffs now seek to add two additional Connecticut statutes under §§ 53a-251 and 52-570b to support Count Two.  Section 53a-251 states in relevant part:

A person is guilty of the computer crime of misuse of computer system information when: (1) As a result of his accessing or causing to be accessed a computer system, he intentionally makes or causes to be made an unauthorized display, use, disclosure or copy, in any form, of data residing in, communicated by or produced by a computer system; or (2) he intentionally or recklessly and without authorization (A) alters, deletes, tampers with, damages, destroys or takes data intended for use by a computer system, whether residing within or external to a computer system, or (B) intercepts or adds data to data residing within a computer system;

Section 52-570b states in relevant part:

(a) Any aggrieved person who has reason to believe that any other person has been engaged, is engaged or is about to engage in an alleged violation of any provision of section 53a-251 may bring an action against such person and may apply to the Superior Court for: (1) An order temporarily or permanently restraining and enjoining the commencement or continuance of such act or acts; (2) an order directing restitution; or (3) an order directing the appointment of a receiver. . . . (b) The court may award the relief applied for or such other relief as it may deem appropriate in equity. (c) Independent of or in conjunction with an action under subsection (a) of this section, any person who suffers any injury to person, business or property may bring an action for damages against a person who is alleged to have

3

violated any provision of section 53a-251. The aggrieved person shall recover actual damages and damages for unjust enrichment not taken into account in computing damages for actual loss, *and treble damages where there has been a showing of wilful and malicious conduct.* (d) Proof of pecuniary loss is not required to establish actual damages in connection with an alleged violation of subsection (e) of section 53a-251 arising from misuse of private personal data. (e) In any civil action brought under this section, the court shall award to any aggrieved person who prevails, *reasonable costs and reasonable attorney's fees.* . . .

(emphasis added).

Plaintiffs' motion to amend suggests that the only change that will occur following the addition of these two statutes is that the new claims require payment of actual loss, treble damages (in some circumstances) and attorney's fees and costs.

## I.   LEGAL STANDARD

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, though liberally granted, may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct

4

discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citation omitted). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citing *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)).

"[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause" per Federal Rule of Civil Procedure 16(b). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (affirming denial of motion to amend where plaintiff had information sufficient to bring claim before discovery and filed motion to amend with motion for summary judgment). Per Rule 16(b), a court's scheduling order, which "must limit the time to join other parties [and] amend the pleadings," "may only be modified for good cause." Fed. R. Civ. P. 16(b). This "requirement ensur[es] [that] 'at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)); D. Conn. L. Rule 7(b)).

## II. DISCUSSION

### A.   <u>Delay and Good Cause</u>

"[A] finding of "good cause" depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  In *Parker*, the Second Circuit rejected the plaintiff's argument that it did not discover a new claim

that it wished to assert until reviewing the motion for summary judgment, finding that the argument lacks merit. *Id.* at 340–41. The Second Circuit denied the motion and found that the plaintiff was on notice of the availability of these claims when he commenced the action. *Id.* The Second Circuit cited to *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) as persuasive authority, where the court "refus[ed] to find good cause where 'the information supporting the proposed amendment to the complaint was available to [the moving party] even before she filed suit." *Id.* at 341.

"A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Leary v. Manstan*, No. 3:13-CV-00639, 2015 WL 521497, at *3 (D. Conn. Feb. 9, 2015) (citing to *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014)). In *Leary*, the district court rejected the plaintiff's good cause argument that was couched in his claim that he did not become aware of the circumstances justifying the claim until he filed the motion to amend. *Id.* at *3. The district court did not find this argument was supported by the facts and found that the plaintiffs knew or should have known about the belated claim before the commencement of the suit, and thus the district court denied the motion to amend. *Id.*

"If a party has not been diligent, 'the good cause inquiry should end.'" *Nino v. JPMorgan Chase Bank, N.A.*, No. 3:18-CV-1743 (RNC), 2020 WL 1532369, at *8 (D. Conn. Mar. 31, 2020).

Here, Plaintiffs claim that: "Although Plaintiffs' counsels believed that they pled all applicable statutes in the Amended Complaint, it subsequently became

6

clear that two additional statutes – based on the exact same facts and legal elements already alleged – apply to Defendants' conduct." [Mot. at 8–9]. In addition, Plaintiffs argue an absence of bad faith or dilatory motive because they gain no tactical advantage by bringing the motion to amended now since depositions have not yet begun. Defendants argue that this motion is profoundly untimely—coming nearly two years after this action commenced and nearly 9 months after the deadline to file amended pleadings. In addition, Defendants argue that Plaintiffs' purported reason for failing to include the claims in the Amended Complaint does not establish good cause because they could have raised these statues in the Amended Complaint and failed to do so due to a lack of diligence.

The Court agrees with Defendants, Plaintiffs' motion to amend is profoundly untimely and their reasoning displays an absence of diligence, rather than good cause. Like in *Leary,* Plaintiffs have failed to show good cause because the proposed amendment rest on information that they knew or should have known in advance of the amended pleading deadline. Just because the parties have not taken depositions is not a basis for finding good cause, particularly where the parties are on the eve of the discovery completion deadline. Defendants are entitled to some finality of the pleadings, which should not be disturbed whenever Plaintiffs learn more about the law relating to the claims. The amount of time that has passed, the proximity to the close of discovery, and the lack of any reason aside from lack of diligence fails to establish good cause warranting relief.

Therefore, the Court denies Plaintiffs' motion for failure to state good cause.

### B.    Undue Prejudice

While the Court denies Plaintiffs' motion for failure to state good cause, it is worth noting that the Plaintiffs' motion would have also failed due to the undue prejudice Defendants would have experienced if the second amended complaint was permitted.

The Second Circuit has referred to the prejudice consideration to be "among the most important reasons to deny leave to amend." *AEP Energy Services Gad Holding Co.*, 626 F.3d at 725. "Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Id.* at 725–26. However, '[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.' . . . Nor can complaints of 'the time, effort and money . . . expended in litigating [the] matter,' without more, constitute prejudice sufficient to warrant denial of leave to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

Plaintiffs raise several arguments for why the amendment does not cause prejudice upon Defendants. Plaintiffs argue that Defendants have been on notice of all the elements and facts that make up the new statutory claims because they are identical to those already alleged. In addition, Plaintiffs argue that Defendants will not be prejudiced because discovery is still not completed. Plaintiffs also argue a lack of delay because trial is not scheduled for at least August 2022, which may be delayed due to COVID-19. Lastly, Plaintiffs argue that granting the motion will avoid piecemeal litigation because they will just bring these same claims in state court.

Defendants object, arguing that granting leave to amend would effectuate undue prejudice upon Defendants, who will need to foist additional litigation costs upon them to deal with the new claims.  In addition, Defendants state that the new claims theoretically permit the recovery of punitive damages and attorney's fees, whereas Plaintiffs' current claims do not.   Defendants suggest that, had they known about the newly asserted claims, they may have litigated this matter differently or reconsidered how to expend their limited monetary resources.

The Court agrees with Defendants and finds that granting leave to amend would impose undue prejudice upon Defendants.  Plaintiffs' profoundly late motion to amend—which as explained above is late for no reason aside from a lack of diligence—exposes Defendants tp punitive damages and attorney's fees where the current claims do not.   Meaning, Defendants' exposure to liability has increased significantly in light of the amended pleading.  While Defendants' exposure is not alone a justification for denial, it establishes prejudice here where over two years have passed, during which Defendants were operating under the belief that the state law claims were not subject to punitive damages and attorney's fees.  This belief logically impacts litigation strategy.  For example, Defendants may not have engaged so vigorously in pre-trial litigation had they known they could be the ones paying the bill for Plaintiffs' attorneys' responses.  Defendants cannot turn back the clock and change how they litigated the case and it is unfair to subject them to the consequences of Plaintiffs' counsels' lack of diligence.  Plaintiffs' argument that Defendants should have always expected to be subject to punitive damages and attorney's fees because they sought that relief in the Amended Complaint

misses the point; Plaintiffs' sought-after relief and the relief they are entitled to under law are two different things.  Meaning, just because Plaintiffs sought punitive damages and attorney's fees, it does not mean they were necessarily entitled to it, something Defendants would have considered in deciding how to litigate this case.

Therefore, the Court would have denied Plaintiffs' motion to amend due to the undue prejudice imposed upon Defendants had the Court not already denied the motion for failure to state good cause.

### III. CONCLUSION

Plaintiffs' Motion for Leave to File a Second Amended Complaint is DENIED. IT IS SO ORDERED.

_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut